IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ANGELA KLEESPIES

Plaintiff,

v.

DILLON COMPANIES, LLC d/b/a KING SOOPERS, INC.,

Defendant.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Angela Kleespies, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

### JURISDICTION AND VENUE

1. At all times relevant to this action, the Plaintiff, Angela Kleespies (hereinafter referred to as "Plaintiff"), resided in the State of Colorado.

2. Upon information and belief, at all times relevant to this action, the Defendant, Dillon Companies, LLC d/b/a King Soopers, Inc. (hereinafter referred to as "Defendant"), was and is incorporated in the State of Kansas with authorization to conduct business in the State of Colorado. Defendant's principal place of business is located at 2800 East 4th Street, Hutchinson, Kansas.

3. Defendant is a foreign corporation.

4. Upon information and belief, this action arises out of a slip and fall incident that occurred on January 24, 2021, in Arapahoe County, Colorado, at one of Defendant's places of business located at 100 W. Littleton Blvd., Littleton CO (hereinafter referred to as the "Premises").

5. Plaintiff has incurred approximately $53,000 in medical bills and suffered an intercranial bleed in the incident. Plaintiff continues to have ongoing cognitive impairment. Given that, Plaintiff contends that this case exceeds the $75,000 jurisdictional threshold.

## FACTUAL ALLEGATIONS

6. Upon information and belief, at all times relevant to this action, Defendant was a statutory "landowner" under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

7. Upon information and belief, at all times relevant to this action, Defendant was responsible for maintaining the floors on the Premises, such as removing spilled, wet, and/or other slippery substances and materials.

8. On or about January 24, 2021, at approximately 7:30 p.m., Plaintiff was crossing in front of the meat display at the Premises when she slipped on price tags left on the floor. As a result, Plaintiff fell and suffered injury ("the incident").

9. At the time of the incident, Plaintiff was shopping for food.

10. At the time of the incident, Plaintiff was a statutory invitee.

11. Plastic price tags are well-known dangerous conditions for grocery store landowners, such as Defendant.

12. At all times relevant to this action, Defendant had a duty to exercise reasonable care in maintaining the floors on the Premises.

13. At all times relevant to this action, Defendant was to use due care to ensure the safety of its customers and invitees traversing the Premises.

14. At all times relevant to this action, Defendant knew, or should have known, that invitees such as Plaintiff would be utilizing the floors of the Premises.

15. At all times relevant to this action, Defendant knew, or should have known, that the floors of the Premises needed to be clear of dangerous conditions to ensure the safety of its customers and invitees, such as Plaintiff.

16. On January 24, 2021, Defendant failed to remove from its Premises the dangerous condition on which Plaintiff slipped.

17. Plaintiff was not comparatively negligent at the time of the incident.

18. Plaintiff did not cause her incident-related injuries.

19. Defendant's failure to maintain the Premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's incident-related injuries and damages.

20. As a direct and proximate result of the aforementioned incident, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, medical expenses, rehabilitation expenses, wage loss, loss of earning capacity, and other economic losses.

21. As a direct and proximate result of the aforementioned incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

22. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will continue to suffer in the future, physical impairment.

## CLAIM FOR RELIEF
### Statutory Premises Liability pursuant to C.R.S. § 13-21-115

23. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

24. Defendant, as a "landowner" of the Premises, had a duty to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

25. At all times relevant to this action, Plaintiff was an "invitee" of the Premises.

26. At all times relevant to this action, Plaintiff walking on the floors of the Premises was foreseeable, as were Plaintiff's resulting injuries.

27. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

28. At all times relevant to this action, Defendant had a duty to use reasonable care to protect its customers and invitees, such as Plaintiff, against dangerous conditions on the Premises.

29. Defendant failed to use reasonable care to protect Plaintiff against the Premise's dangerous condition discussed above.

30. Defendant's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

31. Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## JURY REQUEST

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, the Plaintiff, Angela Kleespies, prays for judgment against Defendant Dillon Companies, LLC d/b/a King Soopers, Inc., in an amount to be determined by the trier of fact for Plaintiff's losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief and the Court may deem appropriate, just, and proper.

Respectfully submitted this 30th day of September, 2021.

ZANER HARDEN LAW, LLP

*/s/ Joseph Woelkers*
Joseph Woelkers
*Attorney for Plaintiff*

*Plaintiff's Address*:
6128 S. Westview St.
Littleton, CO 80120